UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| BARRY L. COX | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-01302 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| UNITED STATES OF AMERICA, et. al. | ) | [Re: Motion at Docket 4 ] |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 4, defendants the United States of America, the Department of the Treasury, the Internal Revenue Service ("IRS"), Secretary of the Treasury Timothy F. Geithner, Commissioner of the IRS Douglas Schulman, IRS Revenue Officer Jerry Marquez, and Treasury Inspector General for Tax Administration J. Russell George (collectively "Defendants"), move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  Plaintiff Barry L. Cox ("Mr. Cox") opposes the motion at docket 6.  Defendants reply is filed at docket 7.  Mr. Cox filed an unauthorized "rebuttal" to plaintiff's reply at docket 9.

## II.  BACKGROUND

This suit arises out of Mr. Cox's belief that the federal income tax is unlawful.  On September 9, 1998, Mr. Cox entered into a plea agreement and admitted to using false statements to avoid paying federal income tax for the years 1988, 1989, and 1990.  In 2004, the United States sued Mr. Cox and his wife in the Western District of Texas, seeking judgment that Mr. and Mrs. Cox owed the United States over $300,000 in back taxes, and that certain property was subject to tax liens that could be foreclosed.  In 2008, the Western District of Texas entered judgment in favor of the United States.

On November 2, 2009, Mr. Cox filed an administrative claim with the Treasury Inspector General for Tax Administration.  Although the substance of that claim is not divulged in the complaint, it can be deduced that Mr. Cox asserted violations of his Fourth, Fifth and Fourteenth Amendment rights based on the judgment of the Western District of Texas in the previous suit.  Mr. Cox alleges in the present action that his Fourth, Fifth and Fourteenth Amendment rights were violated by the failure of the Treasury Inspector General for Tax Administration to address his contention that the federal income tax is unlawful.  Mr. Cox also alleges that the back taxes he owed from 1988, 1989, and 1990 were unauthorized and that foreclosure of the tax lien on his residence constituted an illegal seizure.  Mr. Cox has included as defendants the United States, the IRS, the Department of the Treasury, Secretary Geithner, Commissioner Schulman and Jerry Marquez, an IRS Revenue Officer.

## III.  STANDARD OF REVIEW

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

-2-

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[1]  Where the defendant brings a facial attack on the subject matter jurisdiction of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[2]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[3]

**B. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  Dismissal is appropriate "if it appears beyond doubt that the non-movant can prove no set of facts to support its claims."[6]  "Conclusory allegations of law . . . are insufficient to defeat a

---

[1] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[2] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[3] *Id.*

[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[6] *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

motion to dismiss."[7]  To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[8]

### IV.  DISCUSSION

Mr. Cox's complaint is disjointed and, in places, incomprehensible.  Because Mr. Cox is proceeding pro se, the court will parse his complaint and attempt to extract potentially viable legal theories.  Mr. Cox makes several arguments pertaining to the validity of the IRS and the Internal Revenue Code ("IRC").  All of those arguments have been made elsewhere (including by him) and have been rejected as frivolous.  Mr. Cox's arguments form the basis for two claims.  His first claim is for "unauthorized exercise of federal power" and is based on a violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and various federal statutes and regulations.  That claim seems to comprise Mr. Cox's arguments that the income tax is without legal foundation, that the IRS is a rogue agency without legal authority, that the Western District of Texas denied Mr. Cox due process, and that his house was illegally seized by the IRS.  Mr. Cox's second claim is for a declaratory judgment affirming the validity of those arguments.

**A. Sovereign Immunity Bars Relief From the United States, the Department of the Treasury, and the Internal Revenue Service**

---

[7]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The United States is a sovereign entity and may not be sued without its consent.[9] The Department of the Treasury and the IRS are agencies of the United States and are likewise immune from suit.[10]  Mr. Cox has included the United States, the Department of the Treasury and the IRS as defendants in this lawsuit.  In the absence of a statutory waiver of immunity, Mr. Cox's claims against those defendants must be dismissed. As discussed below, no such waiver applies.

**1. Mr. Cox Fails to State a Claim Under 26 U.S.C. § 7433**

Section 7433 of Title 26 permits an action against the United States "[i]f, in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision" of the tax code.[11]  Section 7433 instructs that "damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."[12]

Defendants argue that Mr. Cox's failure to exhaust his administrative remedies deprives this court of jurisdiction.  "However, failure to exhaust [administrative remedies] does not deprive a federal court of jurisdiction when the exhaustion statute is

---

[9]*United States v. Shaw*, 309 U.S. 495, 500–501 (1940).

[10]*See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language . . . ."). Although Mr. Cox argues that "the IRS is not an official authorized 'agency' of the federal government," that is an implausible legal conclusion and not a factual allegation that the court must accept as true for purposes of this motion.

[11]26 U.S.C. § 7433.

[12]*Id.* § 7433(d)(1).

merely a codification of the exhaustion requirement."[13]   A failure to exhaust

administrative remedies can "be a bar to federal subject matter jurisdiction where the

exhaustion statute explicitly limits the grant of subject matter jurisdiction."[14]   Section

7433 provides only that "damages shall not be awarded" and the applicable regulation

states only that the action "may not be maintained" if a plaintiff has not exhausted

available administrative remedies.[15]   Accordingly, there is no jurisdictional issue

associated with Mr. Cox's potential failure to exhaust administrative avenues of

recovery. Nonetheless, if Mr. Cox failed to exhaust his administrative remedies,

dismissal is still appropriate under Rule 12(b)(6).

Mr. Cox maintains that he mailed an administrative claim to J. Russell George,

the Tax Inspector General for Tax Administration, thereby "exhaust[ing] 'administrative

remedies.'"[16]   However, 26 C.F.R. § 301.7433-1(e)(1) clearly describes the necessary

procedure: "An administrative claim . . . [must] be sent in writing to the Area Director,

Attn: Compliance Technical Support Manager of the area in which the taxpayer

currently resides."[17]   Although Mr. Cox attempted to pursue administrative resolution of

his claims, it is clear that he did not follow the requisite procedure and, therefore, that

---

[13]*McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 978 (9th Cir. 2002).

[14]*Id.* at 979.

[15]26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(a).

[16]Doc. 1 at 8–9.

[17]26 C.F.R. § 301.7433-1(e)(1).

he has not exhausted the administrative remedies available to him.[18]  Under 26 C.F.R.

§ 301.7433(d)(1), "no action . . . [can] be maintained," and dismissal is proper.[19]

Even if Mr. Cox had exhausted his administrative remedies, he has failed to state

a claim under § 7433.  That section permits recovery for "actual, direct economic

damages sustained by the plaintiff as a proximate result" of the official or employee's

violative conduct.  Mr. Cox has failed to plead recoverable damages.  Mr. Cox's

complaint "demands recovery for damages imposed by BOGUS 'IRS' tax collection,"

and "damages promulgated by wrongful 'lien' and 'levy' of personal and real property

stolen (seized) by the IRS."[20]  Those "damages" stem from a judgment of the United

States District Court for the Western District of Texas which ordered Mr. Cox to pay

back taxes for the years 1988, 1989 and 1990 and authorized seizure of Mr. Cox's

personal residence.[21]

"The collateral attack doctrine precludes litigants from collaterally attacking the

judgments of other courts."[22]  The Supreme Court has "made clear that . . . until [a

court's] decision is reversed for error by orderly review, either by itself or by a higher

---

[18]Mr. Cox's failure to follow proper administrative procedures may explain and dispense with his contention that the Treasury Inspector General for Tax Administration, "Secretary of the Treasury, and IRS Commissioner, neglected or refused to adhere to the 'laws' of the United States at the behest of complainant to 'administratively' resolve the issues of genuine dispute" regarding the validity of the federal income tax. Doc. 1 at 10.

[19]26 C.F.R. § 301.7433(d)(1).

[20]Doc. 1 at 9, 11.

[21]Doc. 1 at 29–31.

[22]*Rein v. Providian Financial Corp.*, 270 F.3d 895, 902 (9th Cir. 2001).

court, its orders based on its decisions are to be respected."[23]  To the extent Mr. Cox claims that the Western District of Texas erred, his mode of recourse is an appeal, not a damages action in this court.[24]  Accordingly, Mr. Cox's claim for damages suffered as a result of another court's judgment, cannot be entertained under § 7433.  Because Mr. Cox has failed to state a claim under § 7433, that section's waiver of sovereign immunity is inapplicable, and the United States and its agencies are immune from suit.

**B. Sovereign Immunity Bars Relief From the Individual Named Government Officials**

### 1. Mr. Cox Has Sued the Individual Defendants in their Official Capacity

Defendants argue that "all claims against the individual defendants . . . should be dismissed" because Mr. Cox has sued those defendants in their official capacity. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."[25]  In particular, "a suit against IRS employees in their official capacity is essentially a suit against the United States.  As such, absent express statutory consent to sue, dismissal is required."[26]  Mr. Cox's complaint explicitly states that the individual defendants are being sued in their official capacities.[27]  There is no indication either in the caption or the body of the complaint that Mr. Cox intended to sue the individual defendants in their individual capacities.

---

[23]*Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).

[24]*Id.*

[25]*Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations omitted).

[26]*Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

[27]Doc. 1 at 1, 2.

Consequently, Mr. Cox's claims against the individual defendants are properly construed as against the United States and its agencies.  As discussed above, no waiver of the United States' sovereign immunity is applicable.  Nonetheless, because Mr. Cox is proceeding pro se, the court will determine whether Mr. Cox's complaint gives rise to any alternate theory of liability, under which sovereign immunity would be avoided as to the individual defendants.

### 1. *Bivens* Actions May Not Be Maintained Against IRS Officials or the United States

*Bivens* created an implied right of action against federal officials for constitutional violations under certain circumstances.[28]  Mr. Cox does not mention *Bivens* by name and there is no indication that Mr. Cox intended to rely on that case in pursuing his claims against the individual defendants.  Nevertheless, it is clear that Mr. Cox could not have pursued *Bivens* actions against the individual defendants.  "[T]axpayer plaintiffs . . . have no right to *Bivens* relief for any allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection.  Stated another way, plaintiffs may not pursue a *Bivens* action with complaints about the IRS's audits, assessments, and collection of . . . taxes . . . ."[29]  Mr. Cox is a taxpayer plaintiff and he has asserted that the individual defendants violated his constitutional rights while engaged in tax assessment and collection.  Therefore, no *Bivens* action could be maintained under

---

[28] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[29] *Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004).

these circumstances.  It is also clear that *Bivens* "does not provide a means of cutting through the sovereign immunity of the United States itself."[30]

### 2. Mr. Cox Has Failed to State a Claim Under § 1983

Mr. Cox also assumes that his action is proper under 42 U.S.C. § 1983.[31]  While § 1983 was intended "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position," it only applies to actions taken under color of state law.[32]  Mr. Cox has not alleged, nor is there any basis for the court to assume that Secretary Geithner, Commissioner Schulman, or Mr. Marquez took any action under color of state law.  Mr. Cox has failed to state a claim under § 1983.

### C. Mr. Cox's Claims for Declaratory Relief are Improper

Under 28 U.S.C. § 2201, "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[33]  By its terms, the federal statute creating a declaratory remedy excepts cases involving federal taxes.  All of Mr. Cox's potential bases for a declaratory judgment

---

[30]*Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984).

[31]Doc. 1 at 4, 9.

[32]*Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); 42 U.S.C. § 1983.

[33]28 U.S.C. § 2201.

involve federal taxes, and therefore the court is without authority to issue the
declaratory judgments that Mr. Cox seeks.[34]

## D. The Court is Without Subject Matter Jurisdiction to Grant Any Injunctive Relief Sought

Although by no means clear, Mr. Cox seems to seek injunctive relief.  Mr. Cox
states that "[t]he thrust of []his CLAIM (heart-of-the-matter) is that applicable laws . . .
<u>must be</u> correctly administered and enforced."[35]  Mr. Cox also refers in passing to
Federal Rule of Civil Procedure 65, which deals with injunctions.[36]  In addition, many of
the declaratory orders that Mr. Cox seeks could be construed as requests for injunctive
relief.[37]

Section 7421 of Title 26 provides that, subject to various exceptions, "no suit for
the purpose of restraining the assessment or collection of any tax shall be maintained in
any court by any person, whether or not such person is the person against whom such
tax was assessed."[38]  The Ninth Circuit has made clear that "[i]f a taxpayer fails to
establish that his suit falls within one of the statutory or judicially created exceptions to
[§ 7421], the district court lacks subject matter jurisdiction and must dismiss the
complaint."[39]  Mr. Cox has not established that his case falls within any exception to §

---

[34]*See* doc. 1 at 39–42.

[35]*Id.* at 25.

[36]*Id.* at 3.

[37]*See id.* at 39–42.

[38]26 U.S.C. § 7421(a).

[39]*Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987).

7421.  To the extent that Mr. Cox seeks to enjoin assessment or collection of federal income taxes, this court is without subject matter jurisdiction to award such relief.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion at docket 4, to dismiss Mr. Cox's action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. The Clerk will please enter judgment for Defendants.

DATED this 5th day of October 2010.


_____
/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE